UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NURSERY DECALS AND MORE, INC.,

              *Plaintiff,*

v.

NEAT PRINT, INC.,

              *Defendant.*

Case No. 3:19-cv-02606

JURY TRIAL DEMANDED

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Nursery Decals and More, Inc. ("Nursery Decals") files this Complaint against Defendant Neat Print, Inc. ("Neat Print" or "Defendant"), seeking a declaration that its products do not infringe any federal trademark rights of Defendant, seeking cancellation of Defendant's federal trademark registrations, and asserting claims for tortious interference with existing and prospective business relationships under Texas law. Nursery Decals seeks actual and exemplary damages, injunctive relief, and its reasonable attorney's fees and costs of suit from Neat Print.

### PARTIES

1.      Plaintiff Nursery Decals is a corporation organized and existing under the laws of the State of Texas, with a place of business at 1005 S. McDonald Street, McKinney, Texas, 75069.

2.      Defendant Neat Print is a Florida corporation with a place of business at 5317 Fruitville Rd., Sarasota, FL, 34232. Defendant can be served with process through its registered agent, Denise Porter, Complete Small Business Solutions, 2018 Oak Terrace, Sarasota, FL 34231.

JURISDICTION AND VENUE

3.      This is a declaratory action seeking a finding of no federal trademark infringement under 15 U.S.C. § 1114 (Section 43 of the Lanham Act), no unfair competition under 15 U.S.C. § 1125(a), and no infringement of trademark under Texas common-law, for cancellation of Defendant's federal trademark registrations, and for tortious interference with existing and prospective business relationships under Texas law.

4.      This Court has original jurisdiction over the subject matter of this Complaint under the Lanham Act pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338(a), and 1355. This Court has supplemental jurisdiction over the Texas state-law claim in this action under 28 U.S.C. § 1367 because this claim arises out of the same transaction and occurrences and is so related to the declaratory judgment claims under the Lanham Act that it forms part of the same case or controversy.

5.      This Court has personal jurisdiction over Neat Print because it regularly transacts business in Texas and this action is based upon Neat Print's commercial activities carried on in Texas and in this Judicial District. Neat Print's activities have had a substantial, direct, and reasonably foreseeable effect on business and commerce in this Judicial District, in Texas, and on interstate commerce. Namely, Neat Print submitted takedown notices to Etsy that resulted in the suspension of Nursery Decals' sales of popular products on the website (including but not limited to sales to consumers in this Judicial District). Such actions also resulted in a significant loss of sales to Nursery Decals in this Judicial District.  Thus, the actions the subject of these claims were made and/or directed toward commercial activities and consumers in this Judicial District. As a consequence,

Neat Print has purposefully availed itself of the laws of the State of Texas and exercising personal jurisdiction over it is fair and proper.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events giving rise to the claims of this action occurred in this Judicial District and Neat Print is subject to personal jurisdiction in this Judicial District. As set forth in more detail below and incorporated herein, Neat Print has maintained false claims regarding Nursery Decals' alleged infringement of Neat Print's trademark rights in this Judicial District, including submitting takedown notices claiming infringement of invalid trademarks that resulted in the suspension of Nursery Decals' sales to consumers in this Judicial District and caused Nursery Decals to sustain substantial injury in this Judicial District.

FACTUAL BACKGROUND

7.      Nursery Decals is a Texas-based company in the business of designing, marketing, and selling wall decals as well as women's, men's, and children's clothing and accessories, including but not limited to t-shirts, tank tops, tops, sweatshirts, and hats. Nursery Decals has invested significant resources in developing, marketing, and selling its clothing, including investments in relationships and storefronts with online market places such as Amazon and Etsy, and grosses approximately $3,500,000 annually from the sale of t-shirts and other clothing. Nursery Decals does not use any such slogans or generic sayings in the context of a trademark—the sayings are not intended to and do not identify Nursery Decals as the source of the products but are purely informational and/or ornamental material displayed across the front of a t-shirt or other clothing.

8.      Defendant Neat Print is a Florida-based retailer of clothing, specifically t-shirts, bearing generic slogans and sayings common in American popular culture, including "Papa, the

Man, the Myth, the Legend," "thankful," and "having a weird mom builds character." Defendant does not appear to have any brick and mortar storefronts, but upon information and belief conducts retail sales through online markets and platforms such as Etsy and Amazon using the brand name "Signature Tshirts."

9.      On July 8, 2014, Defendant filed an application for trademark registration with the United States Patent and Trademark Office ("USPTO") for the purported mark "BE NICE TO ME, MY WIFE IS PREGNANT" (Registration No. 4,746,598) for "clothing, namely, shirts, t-shirts, tank tops, tops, sweat shirts, hoodies, jerseys, pullovers, jackets and hats" in International Class 25 (the "'598 Mark").  Upon information and belief, the phrase "Be Nice to Me, My Wife is Pregnant" was in use by others and was used and appeared on products belonging to others that were offered for sale on the same or similar marketing platforms prior to Defendant's application for registration on July 8, 2014. Nevertheless, Defendant warranted to the USPTO that "no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive."

10.     In support of its application, Defendant submitted the following specimen to the USPTO:



11.     Upon information and belief, Defendant's application for the '598 Mark constituted fraud on the USPTO because the specimen presented by Defendant in registering the trademark was not a true and correct specimen used on or in connection with the covered goods. In support of this specimen, Defendant submitted a declaration to the USPTO certifying that "the specimen(s) shows the mark as used on or in connection with the goods/services in the application...."  Upon information and belief, the label or "hang tag" depicted in the picture above is not an actual label and/or is not a label that is used by Defendant in connection with the covered goods but is a "doctored up label" created for the purpose of making its application to the USPTO.

12.     Also on July 8, 2014, Defendant filed an application with the USPTO for federal registration of the purported mark "THE MAN BEHIND THE BUMP" (Registration No. 4,746,597) for the same goods in Class 25 (the "'597 Mark").  Registrations issued on the '597 and '598 Marks on June 2, 2015.  Upon information and belief, the phrase "The Man Behind the Bump" was used and appeared on products belonging to others that were offered for sale on the same or similar marketing platforms prior to Defendant's application for registration on July 8, 2014.

Nevertheless, Defendant warranted to the USPTO that "no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive."

13.     In support of its application, Defendant submitted the following specimen to the USPTO:



14.     Upon information and belief, Defendant's application for the '597 Mark constituted fraud on the USPTO because the specimen presented by Defendant in registering the trademark was not a true and correct specimen used on or in connection with the covered goods. In support of this specimen, Defendant submitted a declaration to the USPTO certifying that "the specimen(s) shows the mark as used on or in connection with the goods/services in the application...."  Upon information and belief, the label or "hang tag" depicted in the picture above is not an actual label and/or is not a label that is used by Defendant in connection with the covered goods, but is a "doctored up label" created for the purpose of making its application to the USPTO.

15.     Also on July 8, 2014, Defendant filed an application with the USPTO for federal registration of the purported mark "YOU CAN'T SCARE ME" (Registration No. 5,256,615) for the same goods in Class 25 (the "'615 Mark").  Registration issued on the '615 Mark on August 1, 2017. Upon information and belief, the phrase "You Can't Scare Me" was used and appeared on products belonging to others that were offered for sale on the same or similar marketing platforms prior to Defendant's application for registration on July 8, 2014. Nevertheless, Defendant warranted to the USPTO that "no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive."

16.     In support of its application, Defendant submitted the following specimen to the USPTO:



17.     Upon information and belief, Defendant's application for the '615 Mark constituted fraud on the USPTO because the specimen presented by Defendant in registering the trademark was not a true and correct specimen used on or in connection with the covered goods. In support

of this specimen, Defendant submitted a declaration to the USPTO certifying that "the specimen(s) shows the mark as used on or in connection with the goods/services in the application...."  Upon information and belief, the label or "hang tag" depicted in the picture above is not an actual label and/or is not a label that is used by Defendant in connection with the covered goods, but is a "doctored up label" created for the purpose of making its application to the USPTO.

18.     On July 16, 2014, Defendant filed an application with the USPTO for federal trademark registration of the purported mark "WORLD'S OKAYEST" (Registration No. 5,076,010) for the same goods in Class 25 (the "'010 Mark").   Registration issued for the '010 Mark on November 8, 2016.   Upon information and belief, the phrase "World's Okayest" was used and appeared on products belonging to others that were offered for sale on the same or similar marketing platforms prior to Defendant's application for registration on July 16, 2014. Nevertheless, Defendant warranted to the USPTO that "no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive."

19.     In support of its application, Defendant submitted the following specimen to the USPTO:



20.     Upon information and belief, Defendant's application for the '010 Mark constituted fraud on the USPTO because the specimen presented by Defendant in registering the trademark was not a true and correct specimen used on or in connection with the covered goods. In support of this specimen, Defendant submitted a declaration to the USPTO certifying that "the specimen(s) shows the mark as used on or in connection with the goods/services in the application...."  Upon information and belief, the label or "hang tag" depicted in the picture above is not an actual label and/or is not a label that is used by Defendant in connection with the covered goods, but is a "doctored up label" created for the purpose of making its application to the USPTO.

21.     Defendant has created a business model of applying for and/or obtaining invalid trademark registration of generic slogans and popular sayings in American culture. Defendant then submits "take down notices" on numerous marketing platforms on the basis of purported trademark infringement. The intent of such actions is to shut down competition and obtain a competitive edge over other T-shirt retailers, many of whom were already using the same phrase(s) on similar products, on the same or similar marketing platforms, at the time of Defendant's applications.  To date, Defendant has applied for at least 74 trademark registrations with the USPTO, each involving a

generic phrase or saying that is common in popular culture.  More recently, at least 6 of Defendant's applications have been refused by the USPTO, including Defendant's applications for "I'M NOT SHORT I'M JUST A TALL ELF" (Serial No. 87,240,323), "BLAME IT ALL ON MY ROOTS" (Serial No. 87,019,259), "CRAZY CHICKEN LADY" (Serial No. 87,007,194), "EGGSPECTING" (Serial No. 86,924,316) and "REAL MEN MAKE TWINS" (Serial No. 86,333,943).

22.     These applications were refused registration on the basis that the generic phrases sought to be registered constitute informational matter and fail to function as a trademark.  More specifically, the USPTO noted as follows:

FAILURE TO FUNCTION – REFUSAL UNDER SECTIONS 1, 2, 3, AND 45
Registration is refused because the applied-for mark is merely informational and constitutes a common term or slogan that is widely used in the marketplace; it does not function as a trademark or service mark to indicate the source of applicant's goods and/or services and to identify and distinguish them from others. Trademark Act Sections 1, 2, 3, and 45, 15 U.S.C. §§1051-1053, 1127; *see In re Boston Beer Co.*, 198 F.3d 1370, 1372-74, 53 USPQ2d 1056, 1058-59 (Fed. Cir. 1999) (holding THE BEST BEER IN AMERICA unregistrable for beer and ale because the mark would be perceived as a common, laudatory advertising phrase and not a trademark); *In re Aerospace Optics, Inc.*, 78 USPQ2d 1861, 1864 (TTAB 2006) (holding SPECTRUM unregistrable for illuminated pushbutton switches because the mark would be perceived as information about the multiple color feature of the goods and not a trademark); *In re Melville Corp.*, 228 USPQ 970, 971 (TTAB 1986) (holding BRAND NAMES FOR LESS unregistrable for retail clothing store services because the mark would be perceived as a common promotional phrase and not a service mark); TMEP §1202.04.

Determining whether a term or slogan functions as a trademark or service mark depends on how it would be perceived by the relevant public.  *In re Eagle Crest, Inc.*, 96 USPQ2d 1227, 1229 (TTAB 2010); *In re Aerospace Optics, Inc.*, 78 USPQ2d at 1862; TMEP §1202.04. Slogans or terms that are common laudatory phrases or statements that are ordinarily used in the marketplace, business, or in a particular trade or industry are not registrable.  *In re Eagle Crest, Inc.*, 96 USPQ2d at 1229 (citing *In re Boston Beer Co.*, 198 F.3d at 1370, 53 USPQ2d at 1056).  The more commonly a phrase is used in the marketplace by various businesses, or in a particular trade or industry, the less likely the public will use it to identify only one source and the less likely the phrase will be recognized by purchasers as a trademark or service mark. *See In re Hulting*, 107 USPQ2d 1175, 1177 (TTAB 2013) (quoting *In re Eagle Crest, Inc.*, 96 USPQ2d at 1229); TMEP §1202.04.

The attached evidence from ETSY, ZAZZLE, IMPERFECTLY HAPPY HOMES, CAFÉ PRESS, and BIG FAMILY BLESSINGS shows that this slogan is widely used in the marketplace as a common phrase.  Because consumers are accustomed to seeing this slogan used in this manner, when it is applied to applicant's goods, consumers will perceive this slogan merely as informational matter and will not be perceived as a trademark or service mark that identifies the source of the goods and/or services.

An applicant may not overcome this refusal by attempting to amend the application to seek registration on the Supplemental Register or to assert a Section 2(f) claim of acquired distinctiveness.  TMEP §1202.04; *see In re Eagle Crest, Inc.*, 96 USPQ2d at 1229.

23.     Defendant's application for "SOON TO BE" (Serial No. 86,344,607) was refused because Defendant submitted an improper and unacceptable "digital mockup" as its specimen, rather than an image demonstrating actual use of the purported mark in commerce. Upon information and belief, this specimen consisted of a digital image of a t-shirt with a purported hang tag photoshopped onto that image.

24.     On or about May 9, 2018—just prior to Father's Day—Nursery Decals received notification from Etsy that Defendant had filed a complaint with Etsy based on its purported trademark rights regarding Nursery Decals' listings for t-shirts that read "Be Nice to Me My Wife is Pregnant" and "Man Behind the Bump." This notice stated that Etsy was issuing a "final warning" to Nursery Decals based on the report from Defendant and that the next complaint would result in Nursery Decal being banned from further activity on Etsy.com.  In light of this notice, Nursery Decals had no choice but to remove from Etsy all listings for t-shirts that include any phrases registered by Defendant as a purported trademark, which resulted in Nursery Decal's inability to sell these t-shirts on Etsy immediately prior to Father's Day and beyond and caused a significant loss in sales to Nursery Decals.

25.     In light of the "final" notice Nursery Decals received from Etsy, and in order to preserve its relationship and status with Amazon and avoid any shut down of its storefront just prior to the holiday shopping season, Nursery Decasl was forced to pull from its Amazon storefront all listings for t-shirts reading "Be Nice to Me, My Wife is Pregnant," "World's Okayest," "Man Behind the Bump," and "You Don't Scare Me," resulting in many thousands of dollars of lost sales by Nursery Decals.

26.     In reality, Defendant's marks are invalid and unenforceable, and should be cancelled, as common or generic phrases with no distinctive secondary meaning apart from the purported marks themselves, each of which fails to indicate the source of the goods and fails to distinguish Defendant's goods from the goods of another.

### COUNT I
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### (35 U.S.C. § 271, 15 U.S.C. § 1114)

27.     Nursery Decals repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

28.     Pursuant to FED. R. CIV. 57, Nursery Decals seeks and is entitled to a declaratory judgment that the design, marketing, sale, and offering for sale of its t-shirts and other clothing items in the United States bearing the generic slogans "Be Nice to Me, My Wife is Pregnant," "Man Behind the Bump," "World's Okayest," and "You Don't Scare Me," did not and do not infringe any valid federally registered trademark owned by Defendant or constitute unfair competition pursuant to 15 U.S.C. § 1114 and/or § 1125 because such purported marks fail to identify Defendant as the source of the goods and/or distinguish Defendant's goods from those of others and, therefore, fail to function as a trademark.

29.     Also pursuant to FED. R. Civ. 57, Nursery Decals seeks and is entitled to a declaratory judgment that the design, marketing, sale, and offering for sale of its t-shirts and other clothing items in the United States bearing the generic slogans "Be Nice to Me, My Wife is Pregnant," "Man Behind the Bump," "World's Okayest," and "You Don't Scare Me" did not and do not infringe any valid federally registered trademark owned by Defendant or constitute unfair competition pursuant to 15 U.S.C. § 1114 and/or § 1125 because Nursery Decals did not use the purported marks as a trademark, but as purely informational and/or ornamental use of a generic phrase common in American culture that was not intended to and did not identify Nursery Decals as the source of the goods.

## COUNT II
### DECLARATORY JUDGMENT OF LACK OF SECONDARY MEANING

30.     Nursery Decals repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

31.     Pursuant to FED. R. CIV. 57, Nursery Decals seeks and is entitled to a declaratory judgment that the design, marketing, sale, and offering for sale of its t-shirts and other clothing items in the United States bearing the generic slogans "Be Nice to Me, My Wife is Pregnant," "Man Behind the Bump," "World's Okayest," and "You Don't Scare Me" did not and do not infringe any valid federally registered trademark owned by Defendant or constitute unfair competition pursuant to 15 U.S.C. § 1114 and/or § 1125 because such purported marks are not inherently distinctive and Defendant has not acquired secondary meaning in the marks as required to have enforceable trademark rights.

## COUNT III
### DECLARATORY JUDGMENT OF GENERICNESS

32.     Nursery Decals repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

33.     The phrases "Be Nice to Me, My Wife is Pregnant," "The Man Behind the Bump," "World's Okayest," and "You Don't Scare Me" are common phrases within the American English vernacular that are generic and not entitled to trademark protection.

34.     Because Defendant's purported marks consist of generic phrases, Nursery Decals seeks and is entitled to a declaratory judgment that Defendant's '598, '597, '010, and '615 Marks are generic and, therefore, not protectable.

## COUNT IV
### DECLARATORY JUDGMENT OF INVALID TRADEMARK REGISTRATION

35.     Nursery Decals repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

36.     Upon information and belief, Defendant cannot show sufficient use of the '598, '597, '010, and '615 Marks in commerce in International Class 25 to act as a source identifier, and therefore is not entitled to any trademark rights, including a federal trademark registration.

37.     Nursery Decals seeks and is entitled to a declaratory judgment that Defendant cannot satisfy the requirements for and is not entitled to federal trademark registrations for the '597, '598, '010, and '615 Marks.

COUNT V
DECLARATORY JUDGMENT OF FRAUD ON THE USPTO

38.     Nursery Decals repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

39.     Upon information and belief, the specimens presented by Defendant in registering the '597, '598, '010, and '615 Marks were not true and correct specimen used on or in connection with the covered goods. The labels depicted in each specimen provided by Defendant in its applications are not a label and/or are not a label that Defendant used and/or uses in connection with the covered goods.

40.     By representing to the USPTO that the labels were and are used in commerce and submitting false specimen, Defendant has demonstrated deceptive intent and committed fraud upon the USPTO.

41.     Upon information and belief, Defendant filed its applications for the '597, '598, '010, and '615 Marks despite the knowledge that others were using these generic phrases on identical or similar goods within the same marketing platforms. By certifying to the USPTO in each application that no other person had the right to use the marks in commerce, Defendant made false, material misrepresentations of fact in connection with its applications in order to maintain a competitive edge over other t-shirt manufacturers and retailers, many of whom were already using the same phrases on similar products.  In making these representations to the USPTO, Defendant demonstrated deceptive intent and committed fraud upon the USPTO.

42.     Nursery Decals seeks and is entitled to a declaratory judgment that Defendant submitted false specimen and/or false declarations to the USPTO such that Defendant's

registrations for the '597, '598, '010, and '615 Marks were obtained fraudulently pursuant to 15 U.S.C. § 1064(3).

## COUNT VI
### CANCELLATION OF U.S. REGISTRATION 4,746,598

43.     Nursery Decals repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

44.     Nursery Decals believes that it will be damaged by Defendant's registration of the mark "Be Nice to Me, My Wife is Pregnant."

45.     After a finding that Defendant's U.S. Trademark Registration No. 4,747,598 for "Be Nice to Me, My Wife is Pregnant" is generic, is not inherently distinctive and/or lacks secondary meaning, is not supported by actual use in commerce as a source identifier, and/or that Defendant committed fraud on the USPTO, the Court should cancel the registration.

46.     Nursery Decals therefore respectfully requests the Court to enter an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel the registration on one or more of these grounds.

## COUNT VII
### CANCELLATION OF U.S. REGISTRATION 4,746,597

47.     Nursery Decals repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

48.     Nursery Decals believes that it will be damaged by Defendant's registration of the mark "Man Behind the Bump."

49.     After a finding that Defendant's U.S. Trademark Registration No. 4,747,597 for "Man Behind the Bump" is generic, is not inherently distinctive and/or lacks secondary meaning, is

not supported by actual use in commerce as a source identifier, and/or that Defendant committed fraud on the USPTO, the Court should cancel the registration.

50.      Nursery Decals therefore respectfully requests the Court to enter an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel the registration on one or more of these grounds.

## COUNT VIII
### CANCELLATION OF U.S. REGISTRATION 5,076,010

51.      Nursery Decals repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

52.      Nursery Decals believes that it will be damaged by Defendant's registration of the mark "World's Okayest."

53.      After a finding that Defendant's U.S. Trademark Registration No. 5,076,010 for "World's Okayest" is generic, is not inherently distinctive and/or lacks secondary meaning, is not supported by actual use in commerce as a source identifier, and/or that Defendant committed fraud on the USPTO, the Court should cancel the registration.

54.      Nursery Decals therefore respectfully requests the Court to enter an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel the registration on one or more of these grounds.

## COUNT IX
### CANCELLATION OF U.S. REGISTRATION 5,256,615

55.      Nursery Decals repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

56.     Nursery Decals believes that it will be damaged by Defendant's registration of the mark "You Don't Scare Me."

57.     After a finding that Defendant's U.S. Trademark Registration No. 5,256,615 for "You Don't Scare Me" is generic, is not inherently distinctive and/or lacks secondary meaning, is not supported by actual use in commerce as a source identifier, and/or that Defendant committed fraud on the USPTO, the Court should cancel the registration.

58.     Nursery Decals therefore respectfully requests the Court to enter an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel the registration on one or more of these grounds.

### COUNT X
### TORTIOUS INTERFERENCE WITH EXISTING  BUSINESS RELATIONSHIP
### (TEXAS LAW)

59.     Nursery Decals repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

60.     On information and belief, Defendant Neat Print intentionally and willfully interfered with existing business relationships Nursery Decals had/has with the online marketplace Etsy, as well as Etsy consumers/shoppers, by submitting a takedown notice based on false allegations that Nursery Decals was infringing Defendant's trademarks.  Defendant's fraudulent and malicious actions resulted in Etsy closing Nursery Decals' postings of certain products and threatening a permanent ban from the marketplace. Also as a result of such actions, Nursery Decals was forced to remove similar listings from Amazon, resulting in substantial lost sales.

61.     Defendant's acts constitute willful and intentional acts of interference with existing business relationships between Nursery Decals and Amazon and Etsy. Defendant's malicious and

fraudulent interference proximately caused Nursery Decals' loss of more than $100,000 in annual revenue from the closed postings on Amazon and Etsy.

62.     Nursery Decals has been damaged by Defendant's actions and is entitled to recover all actual and exemplary damages caused by Defendant's tortious interference with existing business relationships.

## COUNT XI
### TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONSHIP
### (TEXAS LAW)

63.     Nursery Decals repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

64.     A reasonable probability exists that Nursery Decals would have entered into business relationships with Amazon and Etsy customers/consumers for the sale of the t-shirt designs challenged by Defendant.

65.     On information and belief, Defendant Neat Print intentionally and willfully interfered with prospective business relationships between Nursery Decals and Amazon and Etsy customers by submitting a takedown notice based on false allegations that Nursery Decals was infringing Defendant's trademarks.  Defendant's fraudulent and malicious actions resulted in Etsy closing Nursery Decals' postings of certain products and threatening a permanent ban from the marketplace. Also as a result of such actions, Nursery Decals was forced to remove similar listings from Amazon, resulting in substantial lost sales.

66.     Defendant's acts constitute willful and intentional acts of interference with prospective business relationships between Nursery Decals and Amazon and Etsy

consumers/shoppers. Defendant's fraudulent and malicious interference proximately caused damages to Nursery Decals due to the closed postings on Amazon and Etsy.

67.     Nursery Decals has been damaged by Defendant's fraudulent and malicious actions and is entitled to recover all actual and exemplary damages caused by Defendant's tortious interference with prospective business relationships.

### APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

68.     Nursery Decals repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

69.     On information and belief, Defendant, unless enjoined, will continue to seek to register and enforce fraudulent and/or invalid and/or unprotectable trademarks in violation of the Lanham Act and Texas law. *See* 15 U.S.C. §1114.

70.     Pursuant to 15 U.S.C. § 1116, these actions entitle Nursery Decals to a preliminary injunction and, upon hearing, permanent injunction enjoining Defendant Neat Print, its officers, agents, servants, employees, and attorneys, and all those persons in active concert or in participation with Neat Print, from:

(i)     claiming or otherwise seeking to enforce federal or common-law rights in the '597, '598, '010 and/or '615 Marks when such marks were obtained fraudulently, and/or are invalid, and/or are unprotectable; and

(ii)    stating that Nursery Decals or its products infringe these invalid or unprotectable federally registered and/or common-law trademarks or otherwise interfering with Nursery Decals' business, whether in the form of takedown notices or other formal or informal complaints submitted to online or other retail marketplaces.

71.     For these actions, there is no adequate remedy at law. Further, Nursery Decals is substantially likely to prevail on the merits of these claims. The injury to Nursery Decals greatly outweighs any injury to Defendant that the requested injunction may cause. The balance of hardships tips strongly in favor of Nursery Decals. Finally, the injunction will not disserve the public interest. Therefore, Nursery Decals is entitled to preliminary and permanent injunctive relief against Neat Print.

### DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Nursery Decals demands a jury trial on all claims so triable.

### REQUEST FOR RELIEF

Wherefore, Plaintiff Nursery Decals and More, Inc. requests that this Court enter judgment in its favor against Defendant as follows:

A.     Granting injunctive relief enjoining Defendant and its officers, agents, employees, and all persons or entities in active concert or participation with it, from further obtaining or otherwise seeking to enforce the fraudulent and/or invalid trademarks as set forth in Paragraph 70 herein.

B.     Entering judgment that Nursery Decals has not infringed any federally registered trademarks owned by Defendant in the '597, '598, '010 and/or '615 Marks and is not liable for unfair competition pursuant to 15 U.S.C. § 1114 or §1125(a);

C.     Entering judgment that Defendant's '597, '598, '010 and/or '615 Marks are not inherently distinctive and have not acquired secondary meaning;

D.      Entering judgment that Defendant's '597, '598, '010 and/or '615 Marks are generic and are not entitled to trademark protection;

E.      Entering judgment that Defendant's '597, '598, '010 and/or '615 Marks were obtained fraudulently from the USPTO pursuant to 15 U.S.C. § 1064(3);

F.      Entering an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel registration of the '597 Mark on one or more of the grounds set forth in Paragraphs 43-46 herein;

G.      Entering an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel registration of the '598 Mark on one or more of the grounds set forth in Paragraphs 39-42;

H.      Entering an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel registration of the '010 Mark on one or more of the grounds set forth in Paragraphs 47-50

I.      Entering an order in accordance with 15 U.S.C. § 1119 directing the USPTO to cancel registration of the '615 Mark on one or more of the grounds set forth in Paragraphs 51-54;

J.      Awarding Nursery Decals its actual damages sustained as a result of Defendant's registration of the '597, '598, '010 and/or '615 Marks by fraud on the USPTO, pursuant to 15 U.S.C. § 1120;

K.      Awarding Nursery Decals its actual and exemplary damages adequate to compensate Nursery Decals for Defendant's acts of tortious interference with existing/prospective business relationships;

L.      Finding this to be an exceptional case pursuant to 15 U.S.C. § 1117 in favor of Nursery Decals;

M.      Awarding to Nursery Decals its reasonable attorney's fees and costs incurred in this

action;

N.      Awarding to Nursery Decals pre-judgment and post-judgment interest; and

O.      Granting such other and further relief as this Court may deem just and proper.


Dated: November 3, 2019                              Respectfully submitted,

                                                     /s/ Darin M. Klemchuk
                                                     Darin M. Klemchuk
                                                     Bar No. 24002418
                                                     Darin.klemchuk@klemchuk.com
                                                     Mandi M. Phillips
                                                     Bar No. 24036117
                                                     Mandi.phillips@klemchuk.com
                                                     Brian Casper
                                                     Bar No. 24075563
                                                     Brian.casper@klemchuk.com
                                                     KLEMCHUK LLP
                                                     8150 N. Central Expressway, 10th Floor
                                                     Dallas, Texas  75206
                                                     Tel:  214-367-6000
                                                     Fax:  214-367-6001

                                                     ATTORNEYS FOR PLAINTIFF
                                                     NURSERY DECALS AND MORE, INC.