IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NURSERY DECALS AND MORE, INC., | § § | |
| Plaintiff | § § | CIVIL ACTION NO. 3:19-CV-02606 |
| V | § § § | |
| NEAT PRINT, INC., | § § | |
| Defendant | § | |

## DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO ABATE

Defendant Neat Print, Inc. ("Defendant" or "Neat Print") files this, its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (3), and (6) or, in the alternative, Motion to Abate. Defendant states that this dismissal is appropriate and moves to dismiss for the following reasons:

1. The Complaint should be dismissed pursuant to Rule 12(b)(2) because Court lacks personal jurisdiction over Defendant;

2. The Complaint should be dismissed pursuant to Rule 12(b)(3) because venue is not proper in this District;

3. Plaintiff's claims for declaratory relief should be dismissed pursuant to Rule 12(b)(1) because the Declaratory Judgments Act does not convey independent jurisdiction on this Court and there is relevant cause of action under Federal Law

4. Plaintiff's claims under Counts I, II, II, IV, VI-IX should be dismissed pursuant to Rule 12(b)(6) because each are pleaded in a vague manner that lacks sufficient detail under *Iqbal's* two pronged approach;

5. Plaintiff's claim under Count V should be dismissed pursuant to Rule 12(b)(6) because it does not satisfy Rule 9's heighten pleading requirements;

6. Plaintiff's claims for tortious interference (Counts X and XI) should be dismissed pursuant to Rule 12(b)(6) because each are pleaded in a vague manner that lacks sufficient detail under *Iqbal's* two pronged approach;

7. Plaintiff's claims for tortious interference (Counts X and XI) should be dismissed pursuant to Rule 12(b)(6) because Defendant has a defense of justification that can be decided as a matter of law on the pleadings;

8. Plaintiff's claims for tortious interference (Counts X and XI) should be dismissed pursuant to Rule 12(b)(6) because, to the extent Plaintiff alleges fraud on the USPTO as a predicate basis, the Complaint fails to satisfy Rule 9's heighten pleading requirements;

9. Plaintiff's claim for injunctive relief should be dismissed as injunctive relief is a remedy and Plaintiff has no valid claim to support injunctive relief;

10. Plaintiff's claim for injunctive relief should be dismissed because Plaintiff failed to comply with the beefing requirements of Local Rule 7.1; and

11. The Court should dismiss this action under the doctrine of primary jurisdiction because there are co-pending cancellation proceedings pending at the Trademark Trial and Appeal Board that are nearing trial.

In the alternative, Defendant moves to abate this action under the doctrine of primary jurisdiction because there are co-pending cancellation proceedings pending at the Trademark Trial and Appeal Board that are nearing trial

Defendant now moves to dismiss or abate this action as set forth in this Motion, the concurrently filed Memorandum of Law in Support of Motion to Dismiss or, in the Alternative, Motion to Abate, all of which are incorporated herein by reference, the pleadings and papers on file, any supplemental evidence or briefing filed, and the arguments of counsel at any hearing on this matter.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully asks this Court to: grant this Motion, in whole or in part, dismiss the Complaint or alternatively abate this action pending the outcome of the TTAB cancellation proceedings, and grant Defendant such further and additional relief to which Defendant may show itself to be justly entitled.

January 10, 2020

Respectfully submitted,

/s/ Dennis M. Holmgren
Dennis M. Holmgren
State Bar No. 24036799
Email: dennis@hjmmlegal.com
**HOLMGREN JOHNSON:
MITCHELL MADDEN, LLP**
12801 North Central Expressway, Suite 140
Dallas, Texas 75243
Telephone:  972-484-7780
Facsimile:  972-484-7743

**ATTORNEYS FOR NEAT PRINT, INC.**

### CERTIFICATE OF CONFERENCE

In accordance with LR 7.1, I conferred with counsel for Plaintiff regarding Defendant's request for abatement. Plaintiff is opposed. No conference is necessary under LR 7.1 for Defendant's motion to dismiss.

By: /s/ Dennis M. Holmgren
       DENNIS HOLMGREN

## CERTIFICATE OF SERVICE

  I hereby certify that on January 10, 2020, I served all parties and counsel of record in accordance with the Federal Rules of Civil Procedure via CM/ECF.

              By:  /s/ Dennis M. Holmgren
                   DENNIS HOLMGREN