IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NURSERY DECALS AND MORE, INC., | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO. 3:19-CV-02606 |
| | § | |
| V | § | |
| | § | |
| NEAT PRINT, INC., | § | |
| | § | |
| Defendant | § | |

# DEFENDANT'S ORIGINAL ANSWER

Defendant Neat Print, Inc. ("Defendant" or "Neat Print") files this, its Original Answer. In support of the foregoing, Defendant would respectfully respond as follows:

## I.
## DEFENDANTS' ANSWER TO COMPLAINT

Defendant admits Plaintiff seeks relief as stated in the preamble. Defendant denies the allegations contained therein and that Plaintiff is entitled to such relief.

1. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, denies same.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant states that the allegations in Paragraph 3 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant admits that Plaintiff seeks relief, but denies that Plaintiff is entitled to it.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 7 of the Complaint and, therefore, denies same.

8. Defendant admits that it sells t-shirts and that it is based in Florida. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that it made an application for trademark registration. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that it made an application for trademark registration. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint

15. Defendant admits that it made an application for trademark registration. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that it made an application for trademark registration. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits that it has applied for trademark protection and that it has sought to enforce certain of its rights. Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. To the extent that the allegations set forth in Paragraph 22 of Plaintiff's Complaint refer to the contents of certain documents or matters of court record or USPTO record, Defendant answers that the documents and records speak for themselves, and, to the extent that Plaintiff's allegations are contrary or inconsistent with the meaning of the documents as interpreted by the Court or finder of fact, as the case may be, Defendant denies same. Defendant denies the remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. To the extent that the allegations set forth in Paragraph 23 of Plaintiff's Complaint refer to the contents of certain documents or matters of court record or USPTO record, Defendant answers that the documents and records speak for themselves, and, to the extent that Plaintiff's allegations are contrary or inconsistent with the meaning of the documents as interpreted by the Court or finder of fact, as the case may be, Defendant denies same. Defendant denies the remaining allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint and, therefore, denies same.

25. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint and, therefore, denies same.

26. Defendant states that the allegations in Paragraph 26 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

27. Defendant admits Plaintiff incorporates its previous allegations by reference. Defendant incorporates their previous responses as if set forth herein word for word.

28. Defendant states that the allegations in Paragraph 28 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant admits

that Plaintiff seeks relief, but denies that Plaintiff is entitled to it.  Defendant denies the factual allegations set forth in Paragraph 28 of the Complaint.

29.     Defendant states that the allegations in Paragraph 29 of the Complaint are legal conclusions for which no admission or denial is required.  To the extent one is, Defendant admits that Plaintiff seeks relief, but denies that Plaintiff is entitled to it.  Defendant denies the factual allegations set forth in Paragraph 29 of the Complaint.

30.     Defendant admits Plaintiff incorporates its previous allegations by reference. Defendant incorporates their previous responses as if set forth herein word for word.

31.     Defendant states that the allegations in Paragraph 31 of the Complaint are legal conclusions for which no admission or denial is required.  To the extent one is, Defendant admits that Plaintiff seeks relief, but denies that Plaintiff is entitled to it.  Defendant denies the factual allegations set forth in Paragraph 31 of the Complaint.

32.     Defendant admits Plaintiff incorporates its previous allegations by reference. Defendant incorporates their previous responses as if set forth herein word for word.

33.     Defendant states that the allegations in Paragraph 33 of the Complaint are legal conclusions for which no admission or denial is required.  To the extent one is, Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34.     Defendant states that the allegations in Paragraph 34 of the Complaint are legal conclusions for which no admission or denial is required.  To the extent one is, Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant admits Plaintiff incorporates its previous allegations by reference. Defendant incorporates their previous responses as if set forth herein word for word.

36.     Defendant states that the allegations in Paragraph 36 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant states that the allegations in Paragraph 37 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant admits Plaintiff incorporates its previous allegations by reference. Defendant incorporates their previous responses as if set forth herein word for word.

39.     Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant states that the allegations in Paragraph 40 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant denies the allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant states that the allegations in Paragraph 42 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant admits that Plaintiff seeks relief, but denies that Plaintiff is entitled to it.

43.     Defendant admits Plaintiff incorporates its previous allegations by reference. Defendant incorporates their previous responses as if set forth herein word for word.

44.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 44 of the Complaint and, therefore, denies same.

45.     Defendant states that the allegations in Paragraph 45 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46.     Defendant states that the allegations in Paragraph 46 of the Complaint are legal conclusions for which no admission or denial is required.  To the extent one is, Defendant admits that Plaintiff seeks relief, but denies that Plaintiff is entitled to it.

47.     Defendant admits Plaintiff incorporates its previous allegations by reference. Defendant incorporates their previous responses as if set forth herein word for word.

48.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 48 of the Complaint and, therefore, denies same.

49.     Defendant states that the allegations in Paragraph 49 of the Complaint are legal conclusions for which no admission or denial is required.  To the extent one is, Defendant denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

50.     Defendant states that the allegations in Paragraph 50 of the Complaint are legal conclusions for which no admission or denial is required.  To the extent one is, Defendant admits that Plaintiff seeks relief, but denies that Plaintiff is entitled to it.

51.     Defendant admits Plaintiff incorporates its previous allegations by reference. Defendant incorporates their previous responses as if set forth herein word for word.

52.     Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 52 of the Complaint and, therefore, denies same.

53.     Defendant states that the allegations in Paragraph 53 of the Complaint are legal conclusions for which no admission or denial is required.  To the extent one is, Defendant denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

54.     Defendant states that the allegations in Paragraph 54 of the Complaint are legal conclusions for which no admission or denial is required.  To the extent one is, Defendant admits that Plaintiff seeks relief, but denies that Plaintiff is entitled to it.

55. Defendant admits Plaintiff incorporates its previous allegations by reference. Defendant incorporates their previous responses as if set forth herein word for word.

56. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 56 of the Complaint and, therefore, denies same.

57. Defendant states that the allegations in Paragraph 57 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant denies the allegations set forth in Paragraph 57 of Plaintiff's Complaint.

58. Defendant states that the allegations in Paragraph 58 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant admits that Plaintiff seeks relief, but denies that Plaintiff is entitled to it.

59. Defendant admits Plaintiff incorporates its previous allegations by reference. Defendant incorporates their previous responses as if set forth herein word for word.

60. Defendant denies the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61. Defendant states that the allegations in Paragraph 61 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant denies the allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62. Defendant states that the allegations in Paragraph 62 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant admits that Plaintiff seeks relief, but denies that Plaintiff is entitled to it.

63. Defendant admits Plaintiff incorporates its previous allegations by reference. Defendant incorporates their previous responses as if set forth herein word for word.

64. Defendant denies the allegations set forth in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of Plaintiff's Complaint.

67. Defendant states that the allegations in Paragraph 67 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant admits that Plaintiff seeks relief, but denies that Plaintiff is entitled to it. Defendant denies the factual allegations contained in Paragraph 67 of the Complaint.

68. Defendant admits Plaintiff incorporates its previous allegations by reference. Defendant incorporates their previous responses as if set forth herein word for word.

69. Defendant denies the allegations set forth in Paragraph 69 of Plaintiff's Complaint.

70. Defendant states that the allegations in Paragraph 70 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant states that the allegations in Paragraph 71 of the Complaint are legal conclusions for which no admission or denial is required. To the extent one is, Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant admits that Plaintiff has demanded a jury.

73. Defendant admits that Plaintiff seeks relief. Defendant denies that it is entitled to it.

## II.
## AFFIRMATIVE DEFENSES

Without in any way changing the burden of proof as required by law:

1. Defendant affirmatively states that Plaintiff's claims are barred, in whole or in part, because this Court lacks subject matter jurisdiction.

2. Defendant affirmatively states that Plaintiff's claims are barred, in whole or in part, because this Court lacks personal jurisdiction.

3. Defendant affirmatively states that Plaintiff's claims are barred, in whole or in part, because of the defense of privilege and/or justification.

4. Defendant affirmatively states that Plaintiff's claims are barred, in whole or in part, because of its trademark registrations are presumptively valid and incontestable.

5. Defendant affirmatively states that Plaintiff's claims are barred, in whole or in part, because of the doctrine of laches.

6. Defendant affirmatively states that Plaintiff's claims are barred, in whole or in part, because of the doctrine of estoppel.

7. Defendant affirmatively states that Plaintiff's claims are barred, in whole or in part, because of the doctrine of unclean hands.

8. Defendant affirmatively states that Plaintiff's claims are barred, in whole or in part, because the attorneys' fees it seeks are not reasonable, necessary, equitable, or just.

9. Defendant affirmatively states that Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.

| | |
|---|---|
| April 24, 2020 | Respectfully submitted, |
| | /s/ Dennis M. Holmgren |
| | Dennis M. Holmgren |
| | State Bar No. 24036799 |
| | Email: dennis@hjmmlegal.com |
| | **HOLMGREN JOHNSON:** |
| | **MITCHELL MADDEN, LLP** |
| | 12801 North Central Expressway, Suite 140 |
| | Dallas, Texas 75243 |
| | Telephone: 972-484-7780 |
| | Facsimile: 972-484-7743 |
| | |
| | **ATTORNEYS FOR NEAT PRINT, INC.** |

## CERTIFICATE OF SERVICE

    I hereby certify that on April 24, 2020, I served all parties and counsel of record in accordance with the Federal Rules of Civil Procedure via CM/ECF.

                                            By:      /s/ Dennis M. Holmgren
                                                                  DENNIS HOLMGREN