IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NURSERY DECALS AND MORE, INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>NEAT PRINT, INC.,<br><br>    *Defendant*. | Case No. 3:19-cv-02606<br><br><br>JURY TRIAL DEMANDED |

### JOINT STATUS REPORT

Plaintiff Nursery Decals and More, Inc. ("Plaintiff") and Defendant Neat Print, Inc. ("Defendant") (collectively "the Parties") submit this Joint Status Report pursuant to Federal Rule of Civil Procedure 26 and the Court's April 27, 2020 Status Report Order and May 1, 2020 order eliminating the requirement that the Parties meet face-to-face. The Parties met via videoconference and discussed the requirements of Rule 26 and this Court's Status Report Order on May 11, 2020, and jointly submit the following:

**1.    A brief statement of the nature of the case, including the contentions of the parties.**

Plaintiff's Contentions:

This is a trademark infringement and tortious interference lawsuit brought pursuant to the Declaratory Judgment Act, Lanham Act, and Texas state law seeking a declaration that Plaintiff's products do not infringe any federal trademark rights of Defendant, seeking cancellation of Defendant's federal trademark registrations, and seeking actual and exemplary damages, injunctive relief, and the recovery of Plaintiff's reasonable and necessary attorneys' fees and costs of suit.

- Defendant has created a business model of applying for and/or obtaining invalid trademark registration of generic slogans and popular sayings in American culture that constitute informational matter and fail to function as a trademark. Defendant then submits "take down notices" against its competitors on numerous marketing platforms, including but not limited to Amazon or Etsy, on the basis of purported

trademark infringement. The intent of such actions is to shut down competition and obtain a competitive edge over other t-shirt retailers.

- Defendant submitted a take down notice to the online marketplace, Etsy, based on its purported trademark rights and claiming trademark infringement by Plaintiff. As a result, Plaintiff was issued a "final warning" by Etsy that threatened to shut down its entire store front on Etsy. In light of this notice, Plaintiff also pulled product from other online marketplaces, such as Amazon, in order to avoid further takedown notices that could damage its status on Amazon and other online marketplaces where it does business. As a result of Defendant's actions, Plaintiff sustained many thousands of dollars of lost sales immediately prior to Father's Day, one of its larger sales days of the calendar year.

- Declaratory Judgment of Non-Infringement pursuant to 15 U.S.C. §§ 1114 and 35 U.S.C. § 271 that the design, marketing, sale, and offering for sale of its t-shirts and other clothing items in the United States bearing the generic slogans "Be Nice to Me, My Wife is Pregnant," "Man Behind the Bump," "World's Okayest," and "You Don't Scare Me," did not and do not infringe any valid federally registered trademark owned by Defendant or constitute unfair competition pursuant to 15 U.S.C. § 1114 and/or § 1125 because such purported marks fail to identify Defendant as the source of the goods and/or distinguish Defendant's goods from those of others and, therefore, fail to function as a trademark.

- Declaratory Judgment of Lack of Secondary Meaning that the design, marketing, sale, and offering for sale of its t-shirts and other clothing items in the United States bearing the generic slogans "Be Nice to Me, My Wife is Pregnant," "Man Behind the Bump," "World's Okayest," and "You Don't Scare Me" did not and do not infringe any valid federally registered trademark owned by Defendant or constitute unfair competition pursuant to 15 U.S.C. § 1114 and/or § 1125 because such purported marks are not inherently distinctive and Defendant has not acquired secondary meaning in the marks as required to have enforceable trademark rights.

- Declaratory Judgment that the phrases "Be Nice to Me, My Wife is Pregnant," "The Man Behind the Bump," "World's Okayest," and "You Don't Scare Me" are common phrases within the American English vernacular that are generic and not entitled to trademark protection.

- Declaratory Judgment of Invalid Trademark Registration because Defendant cannot show sufficient use of the '598, '597, '010, and '615 Marks in commerce in International Class 25 to act as a source identifier, and therefore is not entitled to any trademark rights, including a federal trademark registration, and a declaratory judgment that Defendant cannot satisfy the requirements for and is not entitled to federal trademark registrations for the '597, '598, '010, and '615 Marks.

- Declaratory Judgment of Fraud on the USPTO because the specimens presented by Defendant in registering the '597, '598, '010, and '615 Marks were not true and correct specimen used on or in connection with the covered goods and in maintaining that no other person had the right to use the marks in commerce.

- Cancellation of Defendant's federally registered trademarks.

- Tortious Interference with Existing Business Relationship because Defendant intentionally and willfully interfered with existing business relationships Nursery Decals had/has with the online marketplace Etsy, as well as Etsy consumers/shoppers, by submitting a takedown notice based on false allegations that Nursery Decals was infringing Defendant's trademarks, with the intent that Nursery Decals listings be cancelled or removed, and resulting in Etsy closing Nursery Decals' postings of certain products and threatening a permanent ban from the marketplace.

- Tortious Interference with Prospective Business Relationship because a reasonable probability exists that Plaintiff would have entered into business relationships with Amazon and Etsy customers/consumers for the sale of the t-shirt designs challenged by Defendant, and Defendant intentionally and willfully interfered with prospective business relationships between Plaintiff and Amazon and Etsy customers by submitting a takedown notice based on false allegations that Plaintiff was infringing Defendant's trademarks, resulting in significant damage to Plaintiff.

Defendant's Contentions:

Defendant contends that its marks are valid and were validly issued. Defendant denies any fraud on the USPTO. Defendant contends that Plaintiff's tortious interference claims fail as a matter of law and that Defendant has the absolute legal right to send takedown notices unless and until its marks are invalidated.

Defendant intends to conduct discovery regarding any infringement by Plaintiff and may counterclaim.

2. **Any challenge to jurisdiction or venue, including any procedural defects in removal if this case was removed.**

   Defendant previously filed its Motion to Dismiss or, Alternatively, to Abate, which was denied by this Court in an order dated April 10, 2020. Defendant subsequently included its same challenges in its Answer, filed April 24, 2020.

3. **Any pending motions.**

   None.

4. **Any matters that require a conference with the Court.**

   None.

5. **Likelihood that other parties will be joined or the pleadings amended.**

The Parties do not anticipate joining any additional parties or amending pleadings at this time.

6.     (a)     **An estimate of the time needed for discovery, with reasons.**

*See* the Parties proposed Scheduling Order, attached hereto as Exhibit A.

The Parties further state that the proposed Scheduling Order is being submitted with the understanding that Court practice will be returning to normal by late June or early July. The Parties have not factored additional shutdowns into their Scheduling Order. Counsel for Defendant is considered high risk for COVID-19. The parties reserve the right to seek amendments to the Scheduling Order if there is a spike in infections or further shutdowns that render amendment necessary.

(b)     **A specification of the subjects on which discovery may be needed; and**

Plaintiff anticipates conducting discovery into documents and information related to Defendant's use in commerce of all marks for which it has submitted federal trademark applications and/or obtained federal trademark registration, including but not limited to the exact nature of such use and all online or physical storefronts where such use has occurred; all procedural histories for those applications/registrations including any investigation into prior use of the phrases by third-parties as generic t-shirt slogans before or at the time Defendant submitted its applications; any challenges to those applications/registrations; all takedown notices submitted by Defendant related to any federally registered trademark; Defendant's efforts to promote and defend its trademarks; third party discovery of online marketplaces regarding account status and lost sales; and invoices and other documentation showing the purchase and use of hang tags as shown in Defendant's specimen to the USPTO.

Defendant anticipates conducting discovery into documents and information related to Plaintiff's use of same or similar marks in commerce. Defendant anticipates conducting discovery into documents and information related to Plaintiff's claims.

(c)     **Whether discovery should be conducted in phases or be limited to or focused upon issues.**

The Parties currently do not believe that discovery should be conducted in phases or otherwise limited apart from what is discoverable under the applicable federal rules.

7.     **Any issues related to disclosure or discovery of electronically stored information, including the form or forms (e.g. TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced.**

The Parties currently do not anticipate any issues related to the disclosure or discovery of ESI but will agree to enter into an ESI order should such issues arise.

8. **Any issues relating to claims of privilege or of protection as trial-preparation material, including whether the parties agree on a procedure to assert such claims after production (if the parties have any related agreement, they should submit a proposed joint order to the Court reflecting the agreement).**

   The Parties will prepare and file with the Court a proposed Agreed Protective Order.

9. **What changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rules, and what other limitations should be imposed.**

   The Parties currently do not believe that discovery should be otherwise limited apart from what is discoverable under the applicable federal rules.

10. **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).**

    None at this time.

11. **Proposed deadlines with specific dates that limit the time to (a) join other parties and amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2); and (e) file expert reports.**

    *See* the Parties proposed Scheduling Order, attached hereto as Exhibit A.

    The Parties further state that the proposed Scheduling Order is being submitted with the understanding that Court practice will be returning to normal by late June or early July. The Parties have not factored additional shutdowns into their Scheduling Order.  Counsel for Defendant is considered high risk for COVID-19.  The parties reserve the right to seek amendments to the Scheduling Order if there is a spike in infections or further shutdowns that render amendment necessary.

12. **A proposed trial date agreed to by the parties, estimated length of trial, and whether a jury has been demanded.**

    *See* the Parties proposed Scheduling Order, attached hereto as Exhibit A requesting trial in August 2021. The Parties anticipate a one-week trial and a jury has been demanded.

13. **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c).**

    One (1) or more of the Parties will not consent to trial before a United States Magistrate Judge.

14. **Progress made toward settlement, and the present status of settlement negotiations (This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful).**

    The Parties previously discussed settlement and reached a tentative agreement. However, disagreements regarding the final documents caused such settlement to fail. The parties are resuming negotiations based thereupon.

15. **What form of alternative dispute resolution (*e.g.,* mediation, arbitration) would be most appropriate for resolving this case and when it would be most effective; and**

    The Parties are willing to participate in mediation of this matter once discovery has been completed.

16. **Any other matters relevant to the status and disposition of this case.**

    None at this time.

(SIGNATURE PAGE ATTACHED)

| PLAINTIFF | DEFENDANT |
|---|---|
| /s/ Darin M. Klemchuk | /s/ Dennis S. Holmgren |
| *Signature of Plaintiff's Counsel* | *Signature of Defendant's Counsel* |
| | |
| Darin M. Klemchuk | Dennis S. Holmgren |
| Representing Nursery Decals and More, Inc. | Representing Neat Print, Inc. |
| *Printed Name of Plaintiff's Counsel* | *Printed Name of Defendant's Counsel* |
| *and Party Represented* | *and Party Represented* |
| | |
| *Dated:*  May 18, 2020 | *Dated:* May 18, 2020 |