UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NURSERY DECALS AND MORE, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-2606-B |
| NEAT PRINT, INC., | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Renewed Motion for Judgment as a Matter of Law (Doc. 122) and Defendant's Motion to Modify and/or Vacate Judgment (Doc. 125). For the reasons that follow, the Court **DENIES** both motions.

## I.

## BACKGROUND

This is a trademark case. Plaintiff Nursery Decals, an online seller of novelty t-shirts, claimed that Defendant Neat Print, a rival seller, obtained non-functioning trademarks through fraud on the United States Patent and Trademark Office ("USPTO") and then tortiously used those trademarks as the basis for a takedown notice that it sent to Etsy, causing Nursery Decals to lose online sales on Etsy and Amazon.

On summary judgment, the Court found in favor of Nursery Decals that the marks at issue were descriptive without secondary meaning and therefore unprotectable under the Lanham Act, and ordered the marks cancelled. *Nursery Decals & More, Inc. v. Neat Print, Inc.*, 2021 WL 4942192,

-1-

at *12 (N.D. Tex. Oct. 22, 2021), *reconsideration denied*, 2021 WL 5987682 (N.D. Tex. Dec. 16, 2021). The Court found in favor of Neat Print on Nursery Decals's tortious interference with existing and prospective contract claims based on sales through Amazon, *id.* at *15, and on the tortious interference with existing contract claim based on Etsy sales. *Id.* at *16. The Court found that genuine issues of material fact remained as to: (1) whether Neat Print's founder, Dejean Raca ("Raca"), committed fraud on the USPTO in obtaining the marks, and (2) if Mr. Raca did obtain the marks by fraud and knew that the marks were fraudulently obtained, whether he tortiously interfered with Nursery Decals's prospective contracts with Etsy shoppers when he sent Etsy the takedown notice. *Id.* at *16. Specific to the Etsy tortious interference with prospective contract claim, the Court held:

> Nursery Decals has established a genuine issue of material fact as to whether Neat Print fraudulently obtained the four registrations. If a jury resolved this question in Nursery Decals['s] favor, finding that Mr. Raca did knowingly and fraudulently obtain the registrations, it could likewise reasonably find that Neat Print intentionally sent a take-down notice it knew to be fraudulently procured—arguably an independently tortious act. Therefore, the Court concludes that Neat Print has not established that [the "independently tortious act" element of a tortious interference with prospective contract claim under Texas law] fails as a matter of law.

*Id.* at *16.

Accordingly, two claims proceeded to trial: (1) fraud on the USPTO, and (2) tortious interference with prospective contract, with the second claim requiring an affirmative finding on the first. *Id.* at *17.[1]

---

[1] The Court clarified this ruling for the parties at the pretrial conference, in its order memorializing the rulings made at and following the pretrial conference, and in its order denying reconsideration of the summary-judgment motion. *See Nursery Decals*, 2021 WL 5987682, at *6 ("As both the Memorandum Opinion and Order and the Court's subsequent Order issued after the pretrial conference state, the allegedly tortious act in this case is *the sending of a takedown notice that the sender knows to have been procured by fraud*,

The day before the pretrial conference and jury selection, Neat Print—which had previously argued that the Court lacked jurisdiction to decide *any* of Nursery Decals's claims because Neat Print had mooted them by filing a Covenant Not to Sue, *see id.* at *6—filed an Amended Covenant Not to Sue and motion to reconsider the subject-matter jurisdiction ruling. *See Nursery Decals*, 2021 WL 5987682, at *1. The Court denied this motion on the record at the pretrial conference, finding that the Amended Covenant Not to Sue eliminated any future injury to Nursery Decals from the contested marks but did not eliminate the legally-cognizable *past* injury of the surviving tortious interference claim. *Id.* at *4–6.

Trial proceeded on the fraud and tortious interference claims. After Plaintiff rested, the Court denied Neat Print's timely motion for judgment as a matter of law under Rule 50(a). Doc. 110, Elec. Min. Entry. After both sides closed, the Court denied Nursery Decals's timely motion for judgment as a matter of law under Rule 50(a). Doc. 111, Elec. Min. Entry. The jury returned a verdict that, for each of the four marks at issue, it did not "find that Nursery Decals proved, by clear and convincing evidence, that Neat Print committed fraud on the [USPTO] when it registered the marks[.]" Doc. 113, Verdict, 16. The jury further found that Neat Print did not tortiously interfere with Nursery Decals's prospective business relationships. *Id.* at 20. Consistent with the jury's verdict and the Court's prior summary judgment, on December 20, 2021, the Court entered final judgment ordering that Nursery Decals take nothing and directing the USPTO to cancel the marks. Doc. 116, Final J., 1–2.

---

not the preceding act of fraud upon the USPTO.").

Within the time allowed under the Federal Rules of Civil Procedure, Nursery Decals renewed its motion for judgment as a matter of law under Rule 50(b), Doc. 122, Pl.'s Renewed Mot., and Neat Print filed a motion to modify and/or vacate the judgment or alternatively for relief from judgment pursuant to Rules 59(e) and 60(b)(4). Doc. 125, Def.'s Mot. Vacate, 1, 3–4. The Court considers each motion below.

## II.

## LEGAL STANDARDS

*A.   Rule 50(b)*

Rule 50(b) of the Federal Rules of Civil Procedure allows a party who properly moved for judgment as a matter of law during trial to file a renewed motion for judgment as a matter of law following the entry of judgment. Fed. R. Civ. P. 50(b). Such motions "should be granted if the evidence is legally insufficient, such that 'the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable [jurors] could not arrive at a contrary verdict.'" *Abraham & Veneklasen Joint Venture v. Am. Quarter Horse Ass'n*, 776 F.3d 321, 327 (5th Cir. 2015) (quoting *Boeing v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (en banc), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 336 (5th Cir.1997) (en banc)). In reviewing a Rule 50(b) motion, "facts are viewed, and inferences made, in the light most favorable to the nonmovant." *X Techs., Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406, 411 (5th Cir. 2013) (citing *Arthur J. Gallagher & Co. v. Babcock*, 703 F.3d 284, 293 (5th Cir. 2012)).

*B.   Rule 59*

Federal Rule of Civil Procedure 59(e) provides for a court's alteration or amendment of a judgment upon a party's timely motion. Fed. R. Civ. P. 59(e). Under this rule, a judgment may

appropriately be altered or amended to correct "a manifest error of law or fact," to account for "newly discovered evidence," or to accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citation omitted). Critically, Rule 59(e) motions "should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Sanders v. Bell Helicopter Textron, Inc.*, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005) (citing *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). The Rule 59(e) remedy is extraordinary and should be used sparingly. *Templet*, 367 F.3d at 479.

C.   *Rule 60(b)(4)*

Federal Rule of Civil Procedure 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment [or] order . . . [because] the judgment is void." Fed. R. Civ. P. 60(b)(4). The purpose of this Rule "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp. Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). A Rule 60(b) motion "must be made within a reasonable time—and for reason[] [(b)(1)], . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1).

## III.

## ANALYSIS

*A.     Nursery Decals's Motion is Denied*

Nursery Decals claims that the Court should grant judgment as a matter of law because the evidence presented at trial "conclusively showed that Neat Print committed fraud on the [US]PTO when [Dejean Raca] falsely represented Neat Print's uses in the specimen to the [US]PTO knowing the use of phrases and slogans would result in the [US]PTO refusing registration for each of the applied-for marks." Doc. 123, Pl.'s Br., 1. Nursery Decals argues that its evidence established each element of fraud on the USPTO. *Id.* at 5–18. Nursery Decals also argues that "there [was] no legally sufficient evidentiary basis for a reasonable jury to find . . . that Neat Print did not [tortiously] interfere with Nursery Decals's prospective business relationships." *Id.* at 19.

The Court finds that the jury could reasonably resolve these matters in Defendant's favor based on the evidence presented. *See Abraham,* 776 F.3d at 327 (motions for judgment as a matter of law should not be granted unless "the evidence is legally insufficient, such that the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable [jurors] could not arrive at a contrary verdict") (citations and quotation marks omitted).

Therefore, the Court **DENIES** Nursery Decals's motion.

*B.     Neat Print's Motion is Denied*

As a threshold matter, "[a] motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam). "The rule under which the motion is considered is based

on when the motion was filed." *Id.* (citing *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir.2003)). "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Id.* Here, Neat Print is deemed to have filed its motion within twenty-eight days of the Court's final judgment.[2] *See* Doc. 116, J. (issued December 20, 2021); Doc., Doc. 317, Def.'s Mot. Vacate (filed Tuesday, January 18, 2022). Accordingly, the Court considers Neat Print's motion under Rule 59(e). However, the Court would reach the same conclusion under Rule 60(b)(4).

Neat Print argues that because the Amended Covenant Not to Sue removed any possibility of future harm to Nursery Decals from the contested trademarks the Court lacked subject-matter jurisdiction to decide the marks' validity when it entered summary judgment ordering their cancellation and when it later entered final judgment ordering the same. Doc. 125, Def.'s Mot. Relief, 5–6. Neat Print thus argues that "the judgment invalidating the marks was entered without subject matter jurisdiction" and "is . . . a manifest error of law." *Id.* at 6.[3]

As the Court has repeatedly explained, it finds that neither the original Covenant Not to Sue nor the Amended Covenant Not to Sue mooted Nursery Decals's claims, because they had no impact on a *past* harm—the tortious interference claim. *See Nursery Decals*, 2021 WL 5987682, at *4–6. The Court's reasoning is that *if* the jury had found that Neat Print's then-owner and founder, Raca,

---

[2] Neat Print's motion was filed twenty-nine days after entry of judgment but is deemed filed within twenty-eight days since the last day of the twenty-eight-day period fell on Monday, January 17, 2022, a legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C).

[3] Neat Print does not argue that the judgment should be set aside or modified due to either newly-discovered evidence or an intervening change in controlling law. *See* Doc. 125, Def.'s Mot. Vacate. Accordingly, the Court does not discuss these grounds.

had *actual knowledge* when he obtained the registered marks that he was obtaining them by fraud, and fraudulent *intent* when submitting the registration applications—as the fraud on the USPTO claim required Nursery Decals to prove—*then* a reasonable jury could find that Raca's scienter and fraudulent intent was not wiped clean by the registrations' issuance and resulting presumption of validity. *Id.* at *6. In that case, Raca's later act of sending a takedown notice based on registered marks he knew were obtained by fraud could be a legally-cognizable act of fraud under Texas law, satisfying the independently-tortious-act element of a tortious-interference claim. *Id.* at *5–6 (distinguishing cases finding that an act of fraud on the USPTO could not serve as the independently tortious act underlying a Texas-law tortious interference claim) (first citing *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001); and then citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 578 (Tex. 2001)). In essence, the Court found that the presumption of a registered mark's validity does not protect *one who knowingly procures the registration of such marks through fraud and then wields them to accomplish future tortious acts.*

The Court finds no manifest error of law in this determination. Though the jury resolved both the fraud claim (which, requiring clear and convincing evidence of actual knowledge at the time the applications were submitted to the USPTO, was a heavy burden that Nursery Decals proved unable to carry) and the tortious interference claim (which was premised on the fraud finding) against Nursery Decals, the resolution depended on a genuine issue of material fact regarding Raca's scienter. *See Nursery Decals*, 2021 WL 4942192, at *16. Both claims were legally cognizable though ultimately unsuccessful.

Further, the Court finds no manifest error of law in its determination that it had jurisdiction

to order cancellation of the marks, both on summary judgment and after trial.[4] As the Court has explained, *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013), is limited to situations in which *all* legally cognizable claims are eliminated by a covenant not to sue.[5] *See Nursery Decals*, 2021 WL 5987682, at *5–6; *Nursery Decals*, 2021 WL 4942192, at *7. By again pressing its now twice-rejected *Already* mootness argument and offering no new authority in support of its contentions, Neat Print attempts to "relitigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Sanders*, 2005 WL 6090228, at *1 (citing *Templet*, 367 F.3d at 479); Doc. 125, Def.'s Mot. Vacate, 2–6. Therefore, Defendant's motion is **DENIED**.

## IV.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Renewed Motion for Judgment as a Matter of Law (Doc. 122). The Court likewise **DENIES** Defendant's Motion to Modify and/or Vacate Judgment (Doc. 125).

---

[4] Likewise, because the Court had subject-matter jurisdiction over a live controversy, judgment was not void. *See* Fed. R. Civ. P. 60(b)(4).

[5] For a full discussion of *Already*, *see Nursery Decals*, 2021 WL 4942192, at *7 (discussing *Already*, 568 U.S. at 88). Briefly, in *Already*, Nike brought trademark-infringement claims against a smaller shoe manufacturer, who counterclaimed seeking Nike's mark's cancellation. 568 U.S. at 88. Nike executed a broad covenant not to sue the smaller manufacturer, its customers, or distributors, for any future infringements of the contested marks, and then moved to dismiss its own claims and the counterclaims with prejudice. *Id.* at 88–89. Finding that Nike's covenant not to sue had mooted any possible future injury to the smaller manufacturer under the circumstances presented, the Supreme Court held that the counterclaims were moot. *Id.* at 93–95. Neat Print closely modeled its Covenant Not to Sue in this case on the one filed by Nike in *Already*. *See Nursery Decals*, 2021 WL 4942192, at *6 (noting that Neat Print argues the covenants are "virtually identical"). But as the Court has repeatedly explained, the present case is distinguishable, as is the effect of Neat Print's and Nike's covenants not to sue. *See id.* at *7; *Nursery Decals*, 2021 WL 5987682, at *4 (explaining that a legally cognizable injury remained for resolution at trial).

SO ORDERED.

SIGNED: April 5, 2022.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE