UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NURSERY DECALS AND MORE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2606-B |
| | § | |
| NEAT PRINT, INC., | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before this Court are Defendant Neat Print, Inc. ("Neat Print")'s Motion for Attorneys' Fees (Doc. 118) and Plaintiff Nursery Decals and More, Inc. ("Nursery Decals")'s Motion for Attorneys' Fees (Doc. 120). For the following reasons, the Court **DENIES** both motions.

**I.**

**BACKGROUND**

This is a trademark case. Nursery Decals, an online seller of novelty t-shirts, claimed that Neat Print, a rival seller, obtained non-functioning trademarks through fraud on the United States Patent and Trademark Office ("USPTO") and then tortiously used those trademarks as the basis for a takedown notice that it sent to Etsy, causing Nursery Decals to lose online sales on Etsy and Amazon.

On summary judgment, the Court found in favor of Nursery Decals that the marks at issue were descriptive without secondary meaning and therefore unprotectable under the Lanham Act,

and ordered the marks cancelled. *Nursery Decals & More, Inc. v. Neat Print, Inc.*, 2021 WL 4942192, at *12 (N.D. Tex. Oct. 22, 2021), *recons. denied*, 2021 WL 5987682 (N.D. Tex. Dec. 16, 2021). The Court found in favor of Neat Print on Nursery Decals's tortious interference with existing and prospective contract claims based on sales through Amazon, *id.* at *15, and on the tortious interference with existing contract claim based on Etsy sales. *Id.* at *16. The Court found that genuine issues of material fact remained as to: (1) whether Neat Print's founder, Dejean Raca ("Raca"), committed fraud on the USPTO in obtaining the marks, and (2) if Mr. Raca did obtain the marks by fraud and knew that the marks were fraudulently obtained, whether he tortiously interfered with Nursery Decals's prospective contracts with Etsy shoppers when he sent Etsy the takedown notice. *Id.* Specific to the Etsy tortious interference with prospective contract claim, the Court held:

> Nursery Decals has established a genuine issue of material fact as to whether Neat Print fraudulently obtained the four registrations. If a jury resolved this question in Nursery Decals['s] favor, finding that Mr. Raca did knowingly and fraudulently obtain the registrations, it could likewise reasonably find that Neat Print intentionally sent a [takedown] notice it knew to be fraudulently procured—arguably an independently tortious act. Therefore, the Court concludes that Neat Print has not established that [the "independently tortious act" element of a tortious interference with prospective contract claim under Texas law] fails as a matter of law.

*Id.* at *16.

Accordingly, two claims proceeded to trial: (1) fraud on the USPTO, and (2) tortious interference with prospective contract, with the second claim requiring an affirmative finding of the first. *Id.* at *17.

The day before the pretrial conference and jury selection, Neat Print—which had previously argued that the Court lacked jurisdiction to decide any of Nursery Decals's claims because Neat Print

mooted them by filing a Covenant Not to Sue, *see id.* at \*6—filed an Amended Covenant Not to Sue and motion to reconsider the subject-matter jurisdiction ruling. *See Nursery Decals*, 2021 WL 5987682, at \*2. The Court denied this motion on the record at the pretrial conference, finding that the Amended Covenant Not to Sue eliminated any future injury to Nursery Decals from the contested marks but did not eliminate the legally cognizable past injury of the surviving tortious interference claim. *Id.* at \*3–6.

Trial proceeded on the fraud and tortious interference claims. After Plaintiff rested, the Court denied Neat Print's timely motion for judgment as a matter of law under Rule 50(a). Doc. 110, Elec. Min. Entry. After both sides closed, the Court denied Nursery Decals's timely motion for judgment as a matter of law under Rule 50(a). Doc. 111, Elec. Min. Entry. The jury returned a verdict that, for each of the four marks at issue, it did not "find that Nursery Decals proved, by clear and convincing evidence, that Neat Print committed fraud on the [USPTO] when it registered the marks[.]" Doc. 113, Verdict, 16. The jury further found that Neat Print did not tortiously interfere with Nursery Decals's prospective business relationships. *Id.* at 20. Consistent with the jury's verdict and the Court's prior summary judgment, on December 20, 2021, the Court entered final judgment ordering that Nursery Decals take nothing and directing the USPTO to cancel the marks. Doc. 116, Final J.

Within the time allowed under the Federal Rules of Civil Procedure, Nursery Decals renewed its motion for judgment as a matter of law under Rule 50(b), Doc. 122, Pl.'s Renewed Mot., and Neat Print filed a motion to modify and/or vacate the judgment or alternatively for relief from judgment pursuant to Rules 59(e) and 60(b)(4). Doc. 125, Def.'s Mot. Vacate, 1, 3–4. The Court

denied both motions. *Nursery Decals & More, Inc. v. Neat Print, Inc.*, 2022 WL 1018401, at *1 (N.D.

Tex. Apr. 5, 2022).

Each party then filed motions for attorneys' fees under 15 U.S.C. § 1117(a). Doc. 118, Def.'s

Mot. Fees, 1; Doc. 120, Pl.'s Mot. Fees, 1. The Court considers each motion below.

## II.

## LEGAL STANDARD

The Lanham Act permits the Court to award attorneys' fees to the prevailing party in

"exceptional cases." 15 U.S.C. § 1117(a). The prevailing party is "'a party in whose favor judgment

is rendered' or 'one who has been awarded some relief by the court.'" *All. for Good Gov't v. Coal. for*

*Better Gov't*, 919 F.3d 291, 295 n.16 (5th Cir. 2019) (quoting *Kiva Kitchen & Bath, Inc. v. Cap.*

*Distrib., Inc.*, 319 F. App'x 316, 322 (5th Cir. 2009)).[1] A party need not win damages in order to be

the prevailing party in the Lanham Act context. *See id.* (holding that a party obtaining judgment in

the form of injunctive relief was the prevailing party). A party may still be the prevailing party even

if it does not prevail on all of its claims, but "a district court should make efforts to award fees *only*

*for successful Lanham Act claims*." *Id.* at 297–98 (emphasis added) (citing *Procter & Gamble Co. v.*

---

[1] The attorneys' fee provision of the Lanham Act uses the definite article "the" in reference to
"prevailing party," possibly indicating that only one party may be *the* prevailing party entitled to fees. *See*
15 U.S.C. § 1117(a). However, the Fifth Circuit has repeatedly used the phrase "a prevailing party" in the
Lanham Act context, leaving ambiguity as to whether more than one party may prevail in a single case where,
as here, opposing parties succeed on different claims. *See, e.g., All. for Good Gov't*, 919 F.3d at 295 n.16;
*Wickfire, LLC v. Woodruff,* 989 F.3d 343, 353 (5th Cir. 2021). While acknowledging the possible ambiguity
under § 1117(a), the Court follows other courts in assuming that there could be more than one prevailing
party in a case where opposing parties succeed on different Lanham Act claims. *See, e.g., Roche Diagnostics
Operations, Inc. v. Abbott Diabetes Care, Inc.*, 2017 WL 4391735, *15–16 (D. Del. 2017) (discussing *Hensley
v. Eckerhart*, 461 U.S. 424 (1983) and finding that more than one party may prevail in the same case where
each party "received some relief on the merits" of different claims); *FLIR Sys., Inc. v. Sierra Media, Inc.*, 965
F. Supp. 2d 1184, 1200 (D. Or. 2013) (citing *Hensley*, 461 U.S. at 435) (directly rejecting that the Lanham
Act envisions only one prevailing party).

*Amway Corp.*, 280 F.3d 519, 527 (5th Cir. 2002)). Notably, "[p]revailing plaintiffs and prevailing

defendants are to be treated alike." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

"[A]n exceptional case is one where (1) in considering both governing law and the facts of

the case, the case stands out from others with respect to the substantive strength of a party's

litigating position; or (2) the unsuccessful party has litigated the case in an 'unreasonable manner.'"

*Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016) (citing *Octane Fitness, LLC v. ICON Health &*

*Fitness, Inc.*, 572 U.S. 545, 554 (2014)). "The district court must address this issue in the

case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* (citing

*Octane Fitness,* 572 U.S. at 554). "[F]rivolousness, motivation, objective unreasonableness (both in

the factual and legal components of the case) and the need in particular circumstances to advance

considerations of compensation and deterrence" are all proper considerations. *Octane Fitness* 572

U.S.  at 554 n.6 (quoting *Fogerty*, 510 U.S. at 534 n.19). For example, "a case presenting either

subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run

cases" to be exceptional. *Id.* at 555.

"The determination as to whether a case is exceptional is left to the sound discretion of the

trial court." *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1390 (5th Cir. 1996). "[D]istrict courts

tend to award fees based on substantive weakness when a party fails to adduce any evidence to

support its position or the party advances a position conclusively contradicted by the evidence."

*RLIS, Inc. v. Cerner Corp.*, 2015 WL 5178072, at *1 (S.D. Tex. Sept. 3, 2015) (footnotes omitted)

(compiling cases). A party may litigate a case in an unreasonable manner when it files meritless or

unsupported claims or defenses, engages in unreasonable behavior during the litigation, or causes

unreasonable delay in bad faith. *See, e.g., Spectrum Ass'n Mgmt. of Tex., L.L.C. v. Lifetime HOA Mgmt.*

*L.L.C.*, 5 F.4th 560, 567 (5th Cir. 2021) (litigation misconduct); *All. for Good Gov't*, 919 F.3d at 296

(meritless and unsupported defenses); *Tinker, Inc. v. Poteet*, 2018 WL 4189705, at \*3 (N.D. Tex.

Aug. 9, 2018) (unreasonable delay).

## III.

## ANALYSIS

Both Neat Print and Nursery Decals move for attorneys' fees, each claiming that they are the

prevailing party under the Lanham Act and that this case is exceptional as defined in *Baker*. *See* 821

F.3d at 625. The Court analyzes the parties' motions in the following order: first, Neat Print's motion

for attorneys' fees under 15 U.S.C. § 1117(a); second, Nursery Decals's motion for attorneys' fees

under the same provision. For each motion, the Court analyzes whether each party is a prevailing

party under the Lanham Act and then evaluates each party's arguments for why this is an

exceptional case. For the reasons outlined below, the Court **DENIES** both parties' motions.

A.    *Neat Print's Motion*

Neat Print claims that it is the prevailing party and that this case is exceptional because

Nursery Decals unreasonably pursued the litigation and refused to settle in order to "prove a point."

Doc. 129, Def.'s Resp. Pl.'s Mot. Fees, 4. *See* Doc. 118, Def.'s Mot. Fees, 6. For the reasons outlined

below, the Court **DENIES** Neat Print's motion.

1.    Neat Print is a Prevailing Party Under the Lanham Act

As a threshold question, the Court must determine whether Neat Print is a prevailing party

under the meaning of the Lanham Act. Neat Print can only be a prevailing party where it obtained

judgment in its favor *on Lanham Act claims*. *See All. for Good Gov't*, 919 F.3d at 297. Neat Print

succeeded on three categories of claims: (1) tortious interference with Nursery Decals's existing

contracts with Amazon and Etsy, *Nursery Decals*, 2021 WL 4942192, at \*15–17 (granting summary judgment), (2) tortious interference with Nursery Decals's prospective customers with Etsy, Doc. 113, Verdict, 20, and (3) fraud on the USPTO. *Id.* at 16. The first two are Texas state law tort claims, not Lanham Act claims, so Neat Print is not a prevailing party *under the Lanham Act* for those claims. However, Nursery Decals's fraud claim against Neat Print was a Lanham Act claim under 15 U.S.C. § 1064(3). *See* Doc. 1, Compl., ¶ 42. Neat Print successfully defended against the claim of fraud against the USPTO, and the Court entered judgment in its favor on this claim. Doc. 116, J., 1.

Assuming, without deciding, that Neat Print is therefore a prevailing party, the Court analyzes whether this case is exceptional to trigger the Lanham Act's fee-shifting provision. *See Tinker*, 2018 WL 4189705 at \*3 (holding that defendant was "clearly the prevailing party" when it successfully defended itself against the plaintiff's Lanham Act claims). *But see Pearson's Inc. v. Ackerman*, 2019 WL 3413501, at \*22 (N.D. Tex. July 29, 2019) (holding that there was "no dispute" that a trademark infringement defendant that failed to prove a counterclaim of fraud against the USPTO was "the prevailing party" because the court ordered the plaintiff's marks be cancelled as invalid).

2.    The Substantive Strength of Neat Print's Litigation Position Is Not Exceptional

Neat Print argues that the substantive strength of its litigation position was so strong in relation to Nursery Decals's that this case is exceptional. *See* Doc. 118, Def.'s Mot. Fees, 3–4. As evidence of the relative strength of its position, Neat Print describes how the jury came to its verdict "in about an hour and half." *Id.* at 2. The Court disagrees that this makes the case exceptional. Again, the substantive strength of the parties' litigation position is exceptional if a party's claim has

no evidence or its position is conclusively contradicted by the evidence. *See RLIS, Inc.*, 2015 WL 5178072, at \*1. The fact that the jury decided this case quickly does not mean that the plaintiff had *no* evidence or that its position was conclusively contradicted by the evidence. Nor is it inherently exceptional that the jury reached a verdict quickly.

While Nursery Decals's fraud claim was ultimately unsuccessful, this Court has already determined that the issue of fraud on the UTPSO was legally cognizable and that a genuine issue of material fact existed on the claim. *Nursery Decals & More, Inc. v. Neat Print, Inc.*, 2021 WL 5987682, at \*4 (N.D. Tex. Dec. 16, 2021). Thus, it follows that while Nursery Decals was ultimately unsuccessful, it was reasonable for Nursery Decals to litigate that issue. *Cf. Arbrook, Inc. v. Am. Hosp. Supply Corp.*, 645 F.2d 273, 279 (5th Cir. 1981) (rejecting that a claim's weakness, made apparent by a full trial on the merits, should have been obvious all along). Thus, the relative strength of Neat Print's litigation position on the fraud claim was not exceptional. *Cf. id.*

      3.      <u>Nursery Decals Did Not Litigate the Case in an Unreasonable Manner</u>

Neat Print argues that Nursery Decals was unreasonable in pursuing this action in the first place. Neat Print contends that this entire litigation is an unreasonable "test case" meant to discourage Neat Print from sending takedown notices. Doc. 118, Def.'s Mot. Fees, 5. The Court disagrees. Even if the Court accepted Neat Print's characterization of Nursery Decals's litigation motivation, Nursery Decals had a good faith basis to challenge Neat Print's marks if it believed the marks were invalid. In fact, Nursery Decals succeeded in proving the marks were legally deficient. *Nursery Decals*, 2021 WL 4942192, at \*8–12. Thus, the pursuit of this litigation cannot be considered unreasonable or exceptional, even though Nursery Decals failed to clear the high bar to

prove fraud on the USPTO. *See* Doc. 113, Verdict, 16 (indicating that Nursery Decals was required to prove this claim by clear and convincing evidence).

Neat Print argues that Nursery Decals was unreasonable because Neat Print made it "nearly impossible" to settle by failing to accept Neat Print's settlement offers and demanding non-monetary settlement terms that Neat Print found unreasonable. Doc. 118, Def.'s Mot. Fees, 6. But there is nothing exceptional about a plaintiff refusing settlement offers in the hopes that it will be more successful at trial. As Neat Print itself states, Nursery Decals "wanted [its] day in court." *Id.* There is nothing unreasonable or exceptional about Nursery Decals's desire to exercise its right to try its case in front of a jury rather than accept a settlement it found insufficient.

Because the Court is not persuaded that this case is exceptional, the Court **DENIES** Neat Print's motion for attorneys' fees.

B.      *Nursery Decals's Motion*

Nursery Decals likewise claims that it is the prevailing party and that this case is exceptional because of the substantive weakness of Neat Print's litigation position and because Neat Print litigated in an unreasonable manner. Doc. 120, Pl.'s Mot. Fees.

1.      Nursery Decals Is a Prevailing Party Under the Lanham Act

Nursery Decals is a prevailing party under the Lanham Act. The Court granted summary judgment on Nursery Decals's Lanham Act noninfringement claims and ordered the USPTO to cancel Neat Print's marks. *Nursery Decals*, 2021 WL 4942192, at *12, *17. Thus, Nursery Decals obtained a judgment in its favor on claims under the Lanham Act and is a prevailing party. *See All. for Good Gov't*, 919 F.3d at 295 n.16; *Pearson's Inc.*, 2019 WL 3413501, at *22.

Neat Print contends that Nursery Decals cannot be the prevailing party because the relief it obtained did not "materially alter the legal relationship between the parties" or "modify defendant's behavior in a way directly benefitting plaintiff." Doc. 129, Def.'s Resp. Mot. Fees, 1 (citing *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008)). The Court disagrees.

At the outset of this litigation, Neat Print possessed registered trademarks it sought to enforce against Nursery Decals, which spawned Nursery Decals's Lanham Act noninfringement claims. As a result of the Court's summary judgment, those marks are now cancelled. *Nursery Decals*, 2021 WL 4942192, at *12. Without this judgment, Neat Print would have been able to prevent Nursery Decals from using the contested slogans on merchandise. Now, it cannot. Therefore, Nursery Decals obtained a judgment in its favor that both "materially altered the legal relationship between the parties" and "modified defendant's behavior in a way that directly benefits" Nursery Decals. *See Dearmore*, 519 F.3d at 521. Though Nursery Decals did not obtain victory on all their claims, prevailing on their noninfringement claims makes them a prevailing party under the Lanham Act. *See All. for Good Gov't*, 919 F.3d at 297–98; *Pearson's Inc.*, WL 3413501, at *22.

2.      The Substantive Strength of Nursery Decals's Litigation Position Is Not Exceptional

Nursery Decals contends that this case is exceptional because of the exceptional strength of its arguments that "preordained" this Court's grant of summary judgment on the issue. Doc. 120, Pl.'s Mot. Fees, 5–7. The Court disagrees.

Neat Print's pre-litigation takedown strategy and subsequent litigation were pursuant to its possession of registered marks issued by the USPTO. *See, e.g.*, Doc. 48, Def.'s Br. Mot. Summ. J., 9, 13; Doc. 83, Def.'s Proposed Jury Inst., 38 (requesting instruction regarding a presumption of validity for registered trademarks). Trademarks issued by the USPTO have a presumption of validity. *Nola*

*Spice Designs, LLC v. Haydel Enters., Inc.*, 969 F. Supp. 2d 688, 695–96 (E.D. La. 2013). Though that presumption was ultimately defeated, unless the registrations were fraudulently obtained, Neat Print arguably had a good faith basis for enforcing and defending the marks it obtained through the USPTO. *See Pearson's Inc.*, 2019 WL 3413501, at *22 (holding that it was not unreasonable for a party to litigate based on the presumption that its marks were valid). Neat Print did not have an obligation to abandon its position defending the marks, where it had a legal presumption on its side before this Court issued summary judgment. *See id.*

Nursery Decals further argues that Neat Print's failure to effectively defend its marks' validity shows that Neat Print's case was destined to fail. *See* Doc. 120, Pl.'s Mot. Fees, 10–12. But the fact that Neat Print lost its case, even on summary judgment, does not necessarily make the case exceptional. *See Stragent, LLC v. Intel Corp.*, 2014 WL 6756304, at *5 (E.D. Tex. Aug. 6, 2014) (holding that "[e]very case will have a loser" and losing is not a ground for finding a case exceptional); *H-W Tech., Inc. v. Overstock.com, Inc.*, 2014 WL 4378750, at *7 (N.D. Tex. Sep. 3, 2014) (finding the case was not exceptional where plaintiff's claims, although ultimately meritless, "were not clearly frivolous"); *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1315 (Fed. Cir. 2010) ("Defeat of a litigation position, even on summary judgment, does not warrant an automatic finding that the suit was objectively baseless."). Accordingly, the fact that Neat Print failed to effectively defend its marks and lost on summary judgment does not make the case exceptional, at least without a showing of bad faith. *See Castro & Co., LLC v. Polymath Inc.*, 2019 WL 4246600, at *6 (N.D. Tex. Sep. 6, 2019).

3.       Neat Print Did Not Litigate the Case in an Unreasonable Manner

i.       *Neat Print's pre-litigation conduct*

Nursery Decals argues that this case is exceptional because of Neat Print's aggressive takedown strategy employed prior to the litigation. Doc. 120, Pl.'s Mot. Fees, 8–10. When courts have considered pre-litigation conduct exceptional as to warrant attorneys' fees, it is generally because of willful infringement or frivolous infringement claims. *See, e.g.*, *Hassell Free Plumbing, LLC v. Wheeler*, 2021 WL 1139424, at *5–6 (N.D. Tex. Mar. 25, 2021) (willful infringement); *Baker v. Deshong*, 2016 WL 8540942, at *2 (N.D. Tex. Aug. 16, 2016) (finding that the true aim of the suit was to use the subpoena power of the federal courts to compel testimony about facts unrelated or irrelevant to trademark infringement). Here, Nursery Decals asks the Court to find that Neat Print's pre-litigation conduct of registering allegedly nonfunctioning marks and using them to submit takedown notices—which is also the subject of Nursery Decals's substantive claims—is itself exceptional to justify an award of attorneys' fees. Doc. 120, Pl.'s Mot. Fees, 8–10. This argument is misplaced. By focusing on Neat Print's pre-litigation conduct, Nursery Decals seeks a "second bite at the apple" on its claims that Neat Print wrongfully issued a takedown notice to Etsy or interfered with contracts, which have already failed on summary judgment, *Nursery Decals*, 2021 WL 4942192, at *15–16, or at trial, Doc. 113, Verdict, 16, 20. The Court does not find that Neat Print's pre-litigation conduct makes this case exceptional.

ii.       *The* Already *mootness argument*

Nursery Decals further contends that this case is exceptional because Neat Print employed a vexatious and frivolous litigation strategy by repeatedly filing motions and claims pursuant to a

theory of mootness relying on *Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013). Doc. 120, Pl.'s Mot. Fees, 12–13. The Court rejects this argument.

While Neat Print waited over two years into the litigation to make its first *Already* mootness challenge, it was not untimely and does not alone stand out as "vexatious." *See Nursery Decals*, 2021 WL 4942192, at *6.  Neat Print was entitled to challenge subject-matter jurisdiction at any point in the litigation, *id.*, and Nursery Decals has not presented evidence showing that the delay in asserting a challenge to subject-matter jurisdiction was in bad faith or contradicting Neat Print's assertion that it "learned of" the *Already* case "[w]hile researching trademark issues in response to" Nursery Decals's motion for summary judgment. Doc. 60, Def.'s Mot. Dismiss, 2.

Admittedly, after the Court first rejected Neat Print's *Already* mootness argument, *Nursery Decals*, 2021 WL 4942192, at *8, Neat Print continued to press the same theory in subsequent motions, forcing Nursery Decals to respond. *See* Doc. 99, Def.'s Mot. Recon., 1; Doc. 125, Def.'s Mot. Vacate, 1, 3–4. Nursery Decals contends that the repeated assertion of the same failed legal theory shows that Neat Print litigated the case in an unreasonable manner. Doc. 120, Pl.'s Mot. Fees, 12–13. However, the Court does not find that Neat Print reasserted the *Already* theory "unreasonably" such that this case is exceptional. Again, Neat Print was entitled to raise a challenge to subject-matter jurisdiction at any point and multiple times. *Nursery Decals*, 2021 WL 4942192, at *6. In some contexts, asserting the same failed theory multiple times might be fairly described as a meritless claim or defense. *See, e.g., All. for Good Gov't*, 919 F.3d at 296. Here, however, Neat Print's assertions of the *Already* theory came in a motion to dismiss, Doc. 59, Def.'s Mot. Dismiss, a motion to reconsider after Neat Print amended its Covenant Not to Sue, Doc. 99, Def.'s Mot. Recons., 1, and after trial in a motion to modify the judgment, Doc. 125, Def.'s Mot. Vacate, 1, 3–4.

The Court does not find that challenging subject-matter jurisdiction in this way was unreasonable or exceptional. Without a showing of bad faith, it does not stand out against other cases to justify fee shifting. Therefore, the Court **DENIES** Nursery Decals's motion for attorneys' fees.

## IV.

## CONCLUSION

For the reasons above, the Court **DENIES** Neat Print's Motion for Attorneys' Fees (Doc. 118). The Court likewise **DENIES** Nursery Decals's Motion for Attorneys' Fees (Doc. 120).

SO ORDERED.

SIGNED: June 3, 2022.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE